IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **06-cv-1928-JLK**

**POWER PLATE NORTH AMERICA, INC.**,

        Plaintiff,

v.

**KEVIN YEAMAN,**
**LK ENTERPRISES & INVESTMENTS, LLC, a Colorado limited liability company,**
**IWC MARKETING CORP., a Canadian corporation, and**
**VERTICAL VIBRATION VENTURES, LLC, a Colorado limited liability company,**

        Defendants.

_____

ORDER
_____

KANE, J.

      This matter comes before the Court upon the Stipulated Motion for Permanent Injunction and Dismissal With Prejudice. Good cause having been shown, **IT IS ORDERED** that:

      1. Defendants, along with their agents, servants, employees, representatives, affiliates, successors, and assigns shall be and hereby are **PERMANENTLY ENJOINED** and restrained from the following conduct in the United States and Canada:

      a.     The Defendants shall not solicit Plaintiff's employees for a period of one year from the date this Stipulated Motion is filed with the Court.

      b.     Each Defendant shall turn over to Plaintiff, through their counsel, all copies

of Plaintiff's customer lists and all information obtained from Plaintiff's customer management control software program entitled ACT, including but not limited to all electronic, printed, or handwritten copies, all Excel spreadsheets containing downloads of ACT data, all printouts of such spreadsheets, and all emails sent to email addresses derived from ACT. Defendants also shall turn over to Plaintiff, through their counsel, all handwritten lists of information that Defendants entered into ACT. Plaintiff's counsel shall retain a copy of everything turned over by Defendants pursuant to this paragraph. Defendants' counsel may retain an index of the information provided; the index shall not reveal any information obtained from ACT.

c.   After providing the copies required in paragraph 1.b above, each Defendant shall permanently destroy all such information in Defendants' possession, custody, or control. Defendant Kevin Yeaman shall provide to Plaintiffs an affidavit certifying that all of the above information was permanently destroyed.

d.   Defendants shall cease and desist from using in any manner the Plaintiff's registered trademarks including United States Patent and Trademark Office Registration Nos. 3,059,186 and 2,782,235 including but not limited to using Plaintiff's registered trademark "POWER PLATE" in any font or size in emails to prospective customers.

2

e.      Defendants shall not disparage Plaintiff or its products, personnel or

marketing techniques.

f.      Defendants shall not disclose to any person or entity any information that

they derived from Plaintiff's customer management control software

program entitled ACT.

g.      Defendants shall not solicit or otherwise target any customers through the

use of any information that they derived from Plaintiff's customer

management control software program entitled ACT.

2.  Defendants shall indemnify Plaintiff for any claims arising out of any warranty

sold or otherwise given by Defendants to Plaintiff's customers, other than the one-year

warranty offered by Plaintiff, including but not limited to customers listed on the attached

Exhibit A, provided that customers not listed on Exhibit A produce the warranty

document provided to them by Defendants.

3.  Defendants shall indemnify Plaintiff for any claims arising out of any

guarantees made by Defendants to Plaintiff's customers that those customers would be

the only customers to own Plaintiff's product in a certain geographical area.

4.  Defendants are not enjoined from competing with Plaintiff.  In that regard,

Defendants may solicit as customers persons or entities whose information may have

been entered in ACT provided that Defendants do so from publicly available sources of

information, or sources unrelated to and not involving any information derived from

Plaintiff's customer management control software program entitled ACT.

3

5.  Plaintiff, along with its agents, servants, employees, representatives, affiliates, successors, and assigns shall be and hereby is **PERMANENTLY ENJOINED** and restrained from the following conduct in the United States and Canada:  Plaintiff shall not disparage Defendants or their personnel or marketing techniques.

6.  Plaintiff will honor its one-year manufacturer's warranty for all of Plaintiff's equipment sold by Defendants.

7.  Each party shall be responsible for its own attorney's fees and costs.

8.  This case is **DISMISSED** with **PREJUDICE**.


November 29, 2006.                              **s/John L. Kane**
                                               SENIOR U.S. DISTRICT JUDGE